JUDGE CASTEL

PROSKAUER ROSE LLP
Lawrence I. Weinstein
Michael Mervis
John D. Roesser
1585 Broadway
New York, New York 10036
(212) 969-3000
*Attorneys for Defendant*



**07 CIV 8404**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - x
HERBERT H. KLIEGERMAN, on behalf of himself
and others similarly situated,

                                  Plaintiff,

        -against-

APPLE, INC.,

                                  Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - x

07 Civ. No._____

**NOTICE OF REMOVAL**

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK:

Defendant Apple, Inc. ("Defendant"), by its attorneys, Proskauer Rose LLP, hereby files this Notice of Removal of the above-captioned action to the United States District Court for the Southern District of New York, from the Supreme Court of the State of New York, County of New York, pursuant to 28 U.S.C. §§ 1441 and 1446 and Local Civil Rule 81.1, and now states:

        1.     The above-captioned action was commenced on August 27, 2007 in the Supreme Court of the State of New York, County of New York, Index No. 111681/07 (the "State Court Action").

        2.     Defendant was served on August 28, 2007, by personal delivery at Defendant's principal place of business in Cupertino, California of the Summons and Verified

Class Action Complaint ("Complaint") in the State Court Action. The Summons and Complaint were the first pleadings to set forth the claim for relief upon which this action is based. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the Summons and Complaint are annexed hereto as Exhibit A.

3. As further detailed herein, this case is a civil action within the original jurisdiction of the federal district courts, pursuant to 28 U.S.C. § 1332(a), because there is complete diversity of citizenship between the parties and the amount in controversy exceeds the sum or value of $75,000, exclusive or interest and costs.

4. Plaintiff Herbert H. Kliegerman ("Plaintiff") alleges in his Complaint that he resides in New York, New York (address unknown). (*See* Ex. A, ¶ 2.) Plaintiff is thus a citizen of the State of New York. Plaintiff purports to represent a putative class of residents of the State of New York.. (*See id.*, ¶ 23.) As is alleged in the Complaint (at ¶ 3), Defendant is a citizen of the State of California, which is both its state of incorporation and the state in which its principal place of business is located (at 1 Infinite Loop, Cupertino, CA 95014). Accordingly, there is complete diversity of citizenship between Plaintiff and Defendant.

5. Additionally, for the reasons that follow, the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs:

    a. In his Complaint, Plaintiff alleges, among other things, that Defendant failed to disclose to consumers that the data features of Defendant's iPhone product can only be used with AT&T's wireless network. (*See* Ex. A, ¶ 1.) Plaintiff seeks only injunctive relief, including, among other relief, an injunction "restraining the Defendant from selling" iPhones with data features that cannot be used with non-AT&T wireless networks "without adequately disclosing the fact that" the iPhone's data features "only work with [the]

AT&T" wireless network. (*Id.*) Defendant denies these allegations and denies that Plaintiff is entitled to any injunctive relief.

    b.  In a case where only injunctive relief is requested, "the amount in controversy is measured 'by the value of the object of the litigation.'" *Katz v. Warner-Lambert Co.*, 9 F. Supp. 2d 363, 364 (S.D.N.Y. 1998) (quoting *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 347 (1977)). Although, for removal purposes, the value of injunctive relief is determined from the plaintiff's perspective, one method of measuring the value of the object of the litigation to the plaintiff is by reference to the cost to the defendant to comply with the injunctive relief sought. *In re Rezulin Prods. Liab. Litig.*, 168 F. Supp. 2d 136, 152 (S.D.N.Y 2001); *see also Katz*, 9 F. Supp. 2d at 305.

    c.  In his Complaint, Plaintiff does not specify the means by which he seeks to require Defendant to provide the requested "adequate" disclosure. Defendant's current disclosures concerning the need for iPhone purchasers to use AT&T's wireless network in order to operate the iPhone's features are made, among other ways, on the packaging in which the iPhone is sold at retail. Thus, should Plaintiff be granted injunctive relief, he would presumably seek to require Defendant to make changes to the iPhone packaging. Although Plaintiff's claims and request for injunctive relief are without merit, assuming, *arguendo*, that Plaintiff seeks and is granted the above-described injunctive relief, the cost to Apple to implement such changes to the iPhone packaging would exceed $75,000. (*See* Declaration of Peggy J. Jensen, attached hereto as Exhibit B, ¶¶ 4-8.) Further, the cost of complying with such injunctive relief as to the named Plaintiff would be the same as the cost of compliance for the entire putative class. (*See id.*) Thus, the amount in controversy in this case exceeds the sum or value of $75,000, exclusive of interest and costs.

6. Because this case is one within the original jurisdiction of the federal district courts, and because Defendant is not a citizen of the State of New York, this action is removable to this Court pursuant to 28 U.S.C. § 1441(a).

7. This Notice of Removal is timely, pursuant to 28 U.S.C. § 1446(b), because it is being filed within thirty days of Defendant's receipt, through service or otherwise, of the Complaint setting forth the claims for relief upon which this case is based.

8. As required by 28 U.S.C. § 1446(d), counsel for Defendant certifies that, upon the filing of this Notice of Removal, Defendant will serve written notice thereof on Randall S. Newman, Esq., of Randall S. Newman, P.C., attorneys for Plaintiff, and a copy of this Notice of Removal will be filed with the Court Clerk for the Supreme Court of the State of New York, County of New York.

9. By filing this Notice of Removal, Defendant does not waive any defenses which may be available to it.

WHEREFORE, Defendant gives notice that this case is removed from the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York.

Dated: New York, New York
September 27, 2007

PROSKAUER ROSE LLP

By: _____
Lawrence I. Weinstein
Michael Mervis
John D. Roesser
1585 Broadway
New York, New York 10036
(212) 969-3000

*Attorneys for Defendant*