B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

| | |
|---|---|
| HERBERT H. KLIEGERMAN, on behalf of himself and others similarly situated, | : Civil Action No. _____ |
| Plaintiffs, | : |
| against | : **DECLARATION OF PEGGY J. JENSEN** |
| APPLE, INC., | : |
| Defendant. | : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

I, Peggy J. Jensen, declare as follows:

1. I am the Worldwide Packaging Manager with Apple, Inc. ("Apple"), defendant in the above-captioned action. I submit this declaration in support of Apple's removal of this case from the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York. Except as otherwise stated, I have personal knowledge of the matters set forth herein and, if called upon to do so, could and would competently testify thereto.

2. I understand that, in his complaint in this case, plaintiff alleges, among other things, that Apple supposedly failed adequately to disclose to consumers that the data features for Apple's iPhone cannot be used with non-AT&T wireless networks.

3. I am informed that, pursuant to an agreement between Apple and AT&T Mobility LLC ("AT&T"), iPhone data features can be used exclusively with AT&T's wireless network (and are not authorized for use with non-AT&T wireless networks). Apple discloses that an AT&T service plan is needed in order for iPhone purchasers to activate the iPhone features. This disclosure is made in several ways, including on a label (called a "features label") that is affixed to the product packaging.

4.  I understand, however, that plaintiff is seeking an injunction restraining Apple from selling iPhone's with data features that cannot be used with non-AT&T wireless networks without "adequately disclosing" that the iPhone's data features only work with the AT&T wireless network. If Apple were required to change the contents of the features label on the product packaging, Apple would likely incur substantial costs.

5.  The features label is affixed to the bottom of the box in which the iPhone is packaged for sale at retail. If Apple were required to change the contents of the iPhone features label, we would need to design and print new labels to affix to the iPhone packaging. For any iPhone boxes that had not already been assembled and shrink-wrapped (a process by which the box is sealed in a transparent plastic wrap), Apple would need to affix the new labels on the boxes. With respect to boxes that had already been assembled and shrink-wrapped, Apple would need to engage in the labor-intensive process of opening the shrink-wrap, transferring the product to new boxes (or replacing the box bottoms), applying the revised labels to the new boxes (or the new box bottoms) and re-shrink-wrapping the boxes.

6.  iPhones are packaged overseas and shipped to one of several Apple distribution hubs. From those hubs product is shipped to retail outlets (iPhones are sold at Apple and at AT&T retail stores). For product that has already been distributed to retail outlets, in order to replace the old features labels with new ones the product would need to be shipped back to a distribution hub, repackaged and then reshipped to a retail outlet. Also, at present we do not have shrink-wrap machines at our distribution hubs. In consequence, shrink-wrap machines would need to be shipped to the distribution hubs in order to perform the repackaging process at the hubs.

7.  Apple would incur significant costs -- for parts and labor, as well as shipping and freight costs -- in connection with the repackaging activities described in paragraphs 4 and 5 above. The cost would substantially exceed $75,000.

8.  The cost to Apple would not be diminished in any significant way, and would not drop below $75,000, if the revised labeling was only required for iPhones sold in New York State. This is because our features labels are the same nationwide and we do not print features labels based on the particular locations of retail outlets. Thus, if we were required to change the labels for stores located in, and products sold in, New York, we would need to make the same changes for all retail outlets and for all of our iPhone packaging.

Executed this 26 day of September 2007 in Cupertino, California. I declare under penalty of perjury that the foregoing is true and correct.

*Peggy J. Jensen*
Peggy J. Jensen