

Timothy J. Fierst
212-895-4263
tfierst@crowell.com

**MEMO ENDORSED**

December 21, 2007





153 East 53rd Street, 31st Floor, New York, NY 10022-4611 ▪ p212 223-4000 ▪ f212 223-4134

**VIA HAND DELIVERY**

The Honorable P. Kevin Castel
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl St., Room 2260
New York, NY 10007

Re:   *Herbert H. Kliegerman, et al. v. Apple, Inc. and AT&T Mobility, LLC*
      Case No. No. 07-CV-08404-PKC

Dear Judge Castel:

We represent Defendant AT&T Mobility ("ATTM") in *Kliegerman, et al. v. Apple, Inc. and AT&T Mobility, LLC*, Case No. 07-CV-08404-PKC ("*Kliegerman*"), currently pending before Your Honor. Pursuant to Your Honor's Individual Practices, we write to request a pre-motion conference seeking leave to file a motion to compel arbitration pursuant to Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-16. In this letter, we explain the basis for that planned motion. We also discuss why, in ATTM's view, the arbitrability of Mr. Kliegerman's claims is a threshold issue that should be briefed at the same time and resolved prior to Apple's planned motion to transfer venue. Pursuant to your Honor's Endorsed Letter and Order of December 19, 2007, the parties have been directed to brief the motion to transfer prior to January 18, 2008 and ATTM requests that the Court grant leave to file its motion to compel arbitration on or before that date.

### 1.   ATTM's motion to compel arbitration is well-founded.

The FAA mandates that written agreements to arbitrate disputes "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Mr. Kliegerman receives wireless service from ATTM pursuant to a service agreement containing an arbitration provision. When he activated iPhones for use with ATTM's network, Mr. Kliegerman accepted the service agreement, including the arbitration provision. The arbitration provision requires ATTM and Mr. Kliegerman to resolve their disputes either by arbitration on an individual (rather than class-wide) basis or in small claims court.

We have written to counsel for Mr. Kliegerman to request that Mr. Kliegerman honor his arbitration agreement and dismiss his claims against ATTM. If Mr. Kliegerman does not do so, however, ATTM will be required to move to compel the arbitration of Mr. Kliegerman's claims.

That motion is well grounded. It has long been established that the FAA embodies a strong congressional policy favoring arbitration. As the Supreme Court has explained, "[i]n enacting § 2 * * *of the [FAA], Congress declared a national policy favoring arbitration." *Southland Corp. v. Keating*, 465 U.S. 1, 10 (1984). ATTM's arbitration provision is of broad scope; it provides that "[ATTM] and [the customer] agree to arbitrate **all disputes and claims** between us," including "claims arising out of or relating to any aspect of the relationship between us, whether based in contract, tort, statute, fraud, misrepresentation or any other legal theory * * *." ATTM Arbitration Provision, available at *http://www.att.com/disputeresolution* (emphasis in original). Accordingly, Mr. Kliegerman's claims against ATTM are clearly covered by his arbitration agreement.

Moreover, there is no question that arbitration under ATTM's provision affords customers a fair method of resolving their disputes. The provision has many consumer-friendly features, including that: (i) ATTM will pay all of the costs of arbitration (except when an arbitrator deems a claim frivolous); (ii) arbitration takes place near where the customer lives; (iii) if a customer receives an arbitral award that is greater than ATTM's last settlement offer, ATTM will pay the customer a minimum of $5,000, and will pay the customer's attorney twice the amount of attorneys' fees incurred in the arbitration process; and (iv) there are no restrictions on available remedies, including punitive damages. *See* ATTM Arbitration Provision.

In short, ATTM's arbitration provision is, to ATTM's knowledge, the most consumer-friendly arbitration provision in the country and creates unprecedented incentives to encourage customers to pursue their claims in arbitration against ATTM. Particularly in view of the strong federal policy favoring agreements to arbitrate, ATTM's planned motion to compel arbitration is well founded.

### 2. This Court should consider ATTM's arbitration motion at the same time as it considers Apple's motion to transfer venue.

Arbitration agreements are, "in effect, a specialized kind of forum-selection clause." *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 519 (1974). Thus, though the issues raised by ATTM's motion—whether the claims against ATTM belong in *any* court—precede, as a matter of logic, the question raised by Apple's motion—whether the case belongs in this Court or another federal court.

In addition, it makes sense for this Court, rather than a California court, to resolve ATTM's motion. To the extent that Mr. Kliegerman resists the motion to compel arbitration, he will likely claim that state-law contract defenses apply (*see* 9 U.S.C. § 2)—that is, New York law. This Court is more likely to be conversant with relevant principles of New York contract law than a federal court in California.

And because, under ATTM's arbitration agreement, "any arbitration hearings will take place in the county * * * of [a customer's] billing address," it makes little sense for ATTM and plaintiff to zig-zag across the country if the dispute between those two parties will be compelled to arbitration in New York.

December 21, 2007
Page 3

Accordingly, ATTM requests that the Court authorize it to file a motion to compel arbitration, and to order that the briefing schedule for the arbitration motion parallel the briefing schedule for the venue motion—which would make ATTM's arbitration motion due on January 18, 2008.

\* \* \* \* \*

We thank the Court for its attention to our request and are prepared to attend a pre-motion conference at Your Honor's convenience, either by telephone or in person.

Respectfully submitted,

Timothy J. Pierst (TF:3247)

cc (via email):   Mark Rifkin
                  Alexander H. Schmidt
                  Randall Newman
                  Stephen P. DeNittis
                      Counsel for Plaintiffs
                  Hanno Kaiser
                  Daniel Wall
                  Christopher Yates
                      Counsel for Apple Inc.

*[Handwritten note:]* I will first consider the transfer motion. Thereafter, either this Court or the transferee court will consider the motion to compel arbitration as to defendant ATTM.

SO ORDERED.

USDJ
12-26-07