LATHAM & WATKINS LLP

Daniel M. Wall (Admitted Pro Hac Vice)
Christopher S. Yates (Admitted Pro Hac Vice)
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
(415) 391-0600

Attorneys for Defendant Apple Inc.


**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| HERBERT H. KLIEGERMAN, on behalf of himself and others similarly situated,<br><br>                    Plaintiff,<br><br>  -against-<br><br>APPLE INC. and AT&T MOBILITY, LLC,<br><br>                  Defendants. | 07 Civ. 08404 (PKC) |


**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT APPLE'S**
**MOTION TO TRANSFER PURSUANT TO 28 U.S.C. § 1404(a)**

## TABLE OF CONTENTS

PAGE

I.   FACTUAL BACKGROUND ...........................................................................................2

     A.   The Filing History of the Relevant Proceedings. .......................................................2

     B.   The Factual Allegations and *Legal* Claims Are Substantially Similar in
          this Case and in *In Re Apple and AT&TM Anti-Trust Litigation*. ............................3

     C.   The Parties Are Nearly Identical in All Three Cases. ...............................................4

II.  THE COURT SHOULD TRANSFER THIS ACTION TO CALIFORNIA .......................5

     A.   Plaintiff Kliegerman Might Have Brought This Action in the Northern
          District of California. .........................................................................................6

     B.   The Public and Private Factors Strongly Favor Transfer under Section
          1404(a). ..............................................................................................................6

          1.   The Public Interest Against Duplicative Litigation Strongly Favors
               Transfer. ....................................................................................................7
          2.   The Convenience of Witnesses, the Locus of Operative Facts and
               the Location of Relevant Documents All Weigh Heavily in Favor
               of Transfer. .................................................................................................8
          3.   Plaintiff Kliegerman's Choice of a New York Forum is Entitled to
               Extremely Little or No Weight. ....................................................................9
          4.   The Remaining Factors Also Weigh in Favor of Transfer to the
               Northern District of California. ...................................................................11

III. CONCLUSION ........................................................................................................13

# TABLE OF AUTHORITIES

## CASES

Am. S.S. Owners Mut. Protection & Indem. Ass'n v. Lafarge N. Am., Inc.,
  474 F. Supp. 2d 474 (S.D.N.Y. 2007) ...................................................................10

800-Flowers, Inc. v. Intercontinental Florist, Inc., 860 F. Supp. 128 (S.D.N.Y. 1994) ..............11

Bellomo v. United States, 297 F. Supp. 2d 494 (E.D.N.Y. 2003) ...........................................1, 8

Berman v. Informix Corp., 30 F. Supp. 2d 653 (S.D.N.Y. 1998).................................................8

Capitol Records, Inc. v. Optical Recording Corp., 810 F. Supp. 1350 (S.D.N.Y. 1992) ...........11

Cartier v. D & D Jewelry Imps.,510 F. Supp. 2d 344 (S.D.N.Y. 2007) .....................................13

Coker v. Bank of America, 984 F. Supp. 757 (S.D.N.Y. 1997) ..................................................10

D. H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95 (2d Cir. 2006)................................................7

Earley v. BJ's Wholesale Club, Inc., No. 06 Civ. 3529,
  2007 U.S. Dist. LEXIS 40125 (S.D.N.Y. June 4, 2007) ...........................................................6

Frasca v. Yaw, 787 F. Supp. 327 (E.D.N.Y. 1992) ....................................................................10

Fuji Photo Film Co. v. Lexar Media, Inc., 415 F. Supp. 2d 370 (S.D.N.Y. 2006).......................5

Grosser v. Commodity Exch., Inc., 639 F. Supp 1293 (S.D.N.Y. 1986)......................................6

In re Collins & Aikman Corp. Secs. Litig., 438 F. Supp. 2d  392 (S.D.N.Y. 2006) ...................10

In Re Connetics Secs. Litig., No. 06 Civ. 11496 (SWK), 2007 U.S. Dist.
  LEXIS 38480 (S.D.N.Y. May 23, 2007).............................................................5, 7, 8, 10, 12

In re Cuyahoga Equip. Corp., 980 F.2d 110 (2d Cir. 1992) .........................................................7

In re Hanger Orthopedic Group, Inc. Secs. Litig., 418 F. Supp. 2d 164 (E.D.N.Y. 2006)..........10

In Re Nematron Corp. Secs. Litig., 30 F. Supp. 2d 397 (S.D.N.Y. 1998)..........................5, 7, 10

Int'l Secs. Exch., LLC v. Chicago Bd. Options Exch., Inc.,  No. 06 Civ. 13445 (RMB)
  (THK), 2007 U.S. Dist. LEXIS 58790 (S.D.N.Y. Aug. 9, 2007)............................................11

Jones v. Walgreen Co., 463 F. Supp. 2d 267 (D. Conn. 2006)...................................................12

Koster v. Lumbermens Mutual Co., 330 U.S. 518 (1947)...........................................................10

MK Systems, Inc. v. Schmidt, No. 04 Civ. 8106 (RWS), 2005 U.S. Dist.
   LEXIS 3877  (S.D.N.Y. Mar. 10, 2005)..............................................................................8, 11

Piper Aircraft Co. v. Reyno, 454 U.S. 235 (1981).......................................................................6

Royal Ins. Co. v. United States, 998 F. Supp. 351 (S.D.N.Y. 1998) ...........................................8

Savin v. CSX Corp., 657 F. Supp. 1210 (S.D.N.Y. 1988)............................................................7

Shulof v. Westinghouse Elec. Corp., 402 F. Supp. 1262 (S.D.N.Y. 1975) ................................10

Wyndham Assocs. v. Bintliff, A.G., 398 F.2d 614 (2d Cir. 1968) ...............................................7

**RULES**

15 U.S.C. § 2.................................................................................................................................3, 6

28 U.S.C. § 1391..............................................................................................................................6

28 U.S.C. § 1404....................................................................................................................1, 5, 13

N.Y. Gen Bus. Law § 349 ...............................................................................................................3

**TREATISES**

17 Moore's Federal Practice § 111.11 (Matthew Bender 3d ed.).................................................5

Defendant Apple respectfully moves to transfer this case to the United States District Court for the Northern District of California pursuant to 28 U.S.C. §1404(a). This case – referred to herein as *Kliegerman* – is one of three pending cases challenging the legality of Apple's exclusive distribution agreement with AT&T Mobility concerning the iPhone, as well as certain post-release conduct by Apple that plaintiffs claim violated various warranty and consumer protection statutes. Two of the pending cases were filed in San Jose, California, near Apple's headquarters, and have since been consolidated before the Honorable James Ware of the Northern District of California under the name *In Re Apple and AT&TM Anti-Trust Litigation*.

*Kliegerman* was first filed in the Supreme Court of New York on August 27, 2007, and removed to this Court on September 27, 2007. Plaintiff filed an amended complaint on November 16, 2007, containing antitrust and consumer protection allegations that are virtually identical to those in the two California actions. Thus, there are two essentially identical cases pending on opposite sides of the United States. Obviously, that makes no sense.

A transfer of this action to the Northern District of California would promote the public interest and convenience. First and foremost, it would avoid duplicative litigation, which the courts rightly hold is a value that can trump all other considerations in a transfer analysis. *Bellomo v. United States*, 297 F. Supp. 2d 494, 503 (E.D.N.Y. 2003) (granting motion to transfer). It is clear that *Kliegerman* and the California actions are duplicative: they allege a common nucleus of operative facts, which would need to be developed in both courts absent transfer; they raise complex but very similar legal claims, which would require a duplicative expenditure of judicial resources absent transfer; the named defendants are identical; and the proposed classes of plaintiffs overlap overwhelmingly if not entirely. Accordingly, unconsolidated proceedings in this Court and in California would require duplicative hearings

and motions in courts separated by thousands of miles, yielding potentially incompatible

schedules and rulings.

Furthermore, the Northern District of California is clearly the more convenient forum.

There is nothing factually unique about New York insofar as the facts or witnesses pertinent to

this case are concerned.  In contrast, the vast majority of Apple's relevant employees live and

work in the Northern District of California, where Apple's documents and data are also located.

The traditional convenience factors weigh heavily in favor of a transfer to California.  As that is

also where *Kliegerman* can be consolidated with *In Re Apple and AT&TM Anti-Trust Litigation*

to avoid duplicative litigation, a transfer is plainly in order.

## I.      FACTUAL BACKGROUND

### A.      The Filing History of the Relevant Proceedings.

The original complaints in *Holman v. Apple, Inc., AT&T Mobility, LLC, et al.*, 07 Civ.

05152 JW, and *Smith v. Apple, Inc., AT&T Mobility, LLC, et al.*, 07 Civ. 05562 RMW, were both

filed on October 5, 2007 in federal and state courts in California, respectively.  *See* Declaration

of Christopher S. Yates ("Yates Decl."), Exhibit A and Exhibit B.  On November 7, 2007,

defendants removed the *Smith* case to federal court, and on November 9, 2007, Apple moved the

court to consider whether the *Smith* case should be deemed "related" to the *Holman* case

pursuant to Northern District Civil Local Rule 3-12.  *See id.*, Exhibit C.  On November 30, 2007,

Judge Ware granted Apple's administrative motion that those two cases be related, *sua sponte*

consolidated the cases under the caption *In Re Apple & AT&TM Anti-Trust Litigation*, 07 Civ.

05152 JW, and ordered the plaintiffs to file a Consolidated Amended Complaint within 30 days.

*See id.*, Exhibit D.  On January 2, 2008, the Court granted plaintiffs' request for an enlargement

of time; the Consolidated Amended Complaint is now due January 18, 2008.  *See id.*, Exhibit E.

*Kliegerman* was first filed in New York state court on August 27, 2007, and removed to this Court on September 27, 2007.  As such it was the first of the three iPhone antitrust cases. However, *Kliegerman* was essentially reengineered after removal.  The original state court complaint named only Apple as a defendant, asserted only a claim under the New York Deceptive Acts and Practices statute (N.Y. GEN. BUS. LAW § 349) and contained no antitrust allegations.  When plaintiff filed the amended complaint on November 16, 2007, he added AT&T Mobility LLC ("ATTM") as a defendant and essentially duplicated the antitrust and consumer protection theories advanced in *Holman* and *Smith* a month earlier.

B.     **The Factual Allegations and Legal Claims Are Substantially Similar in this Case and in *In Re Apple and AT&TM Anti-Trust Litigation*.**

The present case and *In re Apple and AT&TM Anti-Trust Litigation* all challenge the legality of the distribution agreement by which Apple has appointed ATTM to be the exclusive provider of phone and data services for the iPhone in the United States.  *Kliegerman* Amended Class Action Complaint ("ACAC") ¶¶ 54, 55; *Smith* First Amended Complaint ("FAC") ¶¶ 28(1)-(3); *Holman* Complaint ¶¶ 38, 41.  The primary theory, in short, is that it is anticompetitive for Apple to require ATTM service in order for a consumer to use an iPhone. All plaintiffs further allege that through the use of a software lock and a software update, Apple has prohibited iPhone owners from unlocking their phones for use with cellular telephone service providers other than ATTM.  *Kliegerman* ACAC ¶¶ 73-83; *Smith* FAC ¶¶ 28(4), 40-42; *Holman* Complaint ¶¶34, 51-55.

Based on these allegations, plaintiffs in both cases assert a variety of claims against Apple and ATTM, including monopolization and attempted monopolization under Section 2 of the Sherman Act, 15 U.S.C. §2, Unfair Competition under California's and other states' unfair competition laws, and "Computer Trespass" (a modern variant of the common law tort known as

trespass to chattels). Each complaint has a few unique twists, but there is no denying that the factual allegations and legal claims of both *Kliegerman* and *In re Apple and AT&TM Anti-Trust Litigation* are substantially similar, and are all based on the same alleged agreements and practices of Apple and ATTM.

C. **The Parties Are Nearly Identical in All Three Cases.**

The named defendants in both *Kliegerman* and *In re Apple and AT&TM Anti-Trust Litigation* are identical: Apple and ATTM. In addition, each of the cases purports to be a class action that seeks to represent the interests of nearly identical classes of people: purchasers of the iPhone.

*Kliegerman*'s first proposed class comprises

[a]ll persons, exclusive of the Defendants and their employees, who purchased an iPhone from Apple or AT&T anywhere in the United States between June 29, 2007 (or the actual date that the iPhone became available) through such time in the future when the effects of Defendants' violations of the federal antitrust laws and the Magnuson-Moss Warranty Act, and Apple's trespass to chattels, as alleged herein have ceased.[1]

*Kliegerman* ACAC ¶ 85. *Smith*'s proposed class is composed of

[a]ll persons or entities who… purchased or own an iPhone, intended for use by themselves, their families, or their members, participants, or employees… during the period from June 29, 2007 through such time in the future as the effects of Apple's illegal conduct, as alleged herein, have ceased… [and who] purchased

---

[1] Kliegerman also proposes a second, similar class, comprising "[a]ll persons, exclusive of the Defendants and their employees, who purchased an iPhone from Apple or AT&T in any of the 44 jurisdictions identified in Count VI herein between June 29, 2007 (or the actual date that the iPhone became available) through such time in the future when the effects of Defendants' unfair and deceptive acts and practices have ceased." *Kliegerman* ACAC ¶ 86.

audio or video files from the iTunes Music Store during the Class Period.
*Smith* FAC ¶¶ 93(a)-(b), 94(a)-(b).  And *Holman*'s proposed class (the most simply stated) comprises

> all individuals or entities who at any time from <u>June 29, 2007</u> to the date of judgment in this action, <u>bought and implemented the iPhone</u> and sustained damages as a result."

*Holman* Complaint ¶ 63.  Thus, the parties in this case and *In Re Apple and AT&TM Anti-Trust Litigation*, and the interests represented, are essentially the same:  all purchasers of an iPhone at any time from June 29, 2007.

## II.     THE COURT SHOULD TRANSFER THIS ACTION TO CALIFORNIA

Pursuant to 28 U.S.C. § 1404(a), a district court may transfer a civil action to any other district where the action might have been brought "'[f]or the convenience of the parties and witnesses, in the interest of justice.'"  *In Re Connetics Secs. Litig.*, No. 06 Civ. 11496 (SWK), 2007 U.S. Dist. LEXIS 38480, *7 (S.D.N.Y. May 23, 2007) (quoting Section 1404(a)).  Section 1404(a) was enacted by Congress "to prevent the waste 'of time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'"  17 Moore's Federal Practice § 111.11  (Matthew Bender 3d ed.) (footnotes and citations omitted).

A transfer is appropriate if (1) the case "might have been brought" in the transferee district; and (2) the district court finds that transfer of venue would serve "the interest of justice and the convenience of the litigation."  *In re Connetics*, 2007 U.S. Dist. LEXIS 38480 at *7 (citing *Fuji Photo Film Co. v. Lexar Media, Inc.*, 415 F. Supp. 2d 370, 373 (S.D.N.Y. 2006) and *In Re Nematron Corp. Secs. Litig.*, 30 F. Supp. 2d 397, 400 (S.D.N.Y. 1998)).  This case satisfies both prongs of the 28 U.S.C. § 1404(a) analysis; it should, therefore, be transferred to the Northern District of California.

**A.    Plaintiff Kliegerman Might Have Brought This Action in the Northern District of California.**

There can be no dispute that this action might have been brought in the Northern District of California.  In fact, *Holman* was filed in that District and *Smith* was properly removed to that District.  Under the general venue statute, a civil action may be brought in any "judicial district where any defendant resides…."  *Earley v. BJ's Wholesale Club, Inc.*, No. 06 Civ. 3529, 2007 U.S. Dist. LEXIS 40125, *3 (S.D.N.Y. June 4, 2007) (quoting, in relevant part, 28 U.S.C. § 1391(b)).  Defendant Apple is incorporated under the laws of the State of California and maintains its principal place of business in Cupertino, California, located in the Northern District.  *See* Declaration of Bob Borchers ("Borchers Decl."), ¶ 2.  Thus, venue is indisputably appropriate in the Northern District of California under 28 U.S.C. § 1391(b).  Furthermore, because *Kliegerman* asserts antitrust claims, the even more generous venue provision of the Clayton Act applies, allowing the case to be venued wherever the defendant "transacts business." 15 U.S.C. § 22.  There is no dispute that both Apple and ATTM transact business in the Northern District of California.  *See Grosser v. Commodity Exch., Inc.*, 639 F. Supp 1293, 1313 (S.D.N.Y. 1986) ("transacting business" within meaning of venue provision of Section 12 of Clayton Act means "practical everyday business or commercial concept of doing or carrying on business 'of any substantial character'").

**B.    The Public and Private Factors Strongly Favor Transfer under Section 1404(a).**

Federal courts balance a number of "public" and "private" factors in ruling on a transfer motion under Section 1404(a).  *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 257 (1981).  Among the factors considered are:

(1) the convenience of witnesses, (2) the convenience of the parties, (3) the

location of relevant documents and the relative ease of access to sources of proof,

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

(4) the locus of operative facts, (5) the availability of process to compel the

attendance of unwilling witnesses, (6) the relative means of the parties, (7) the

forum's familiarity with the governing law, (8) the weight accorded the plaintiff's

choice of forum, and (9) the trial efficiency and the interest of justice, based on

the totality of the circumstances.

*In re Connetics*, 2007 U.S. Dist. LEXIS 38480 at *7-8 (citing *In re Nematron*, 30 F. Supp. 2d at

400, and *Fuji Photo Film Co.*, 415 F. Supp. 2d at 373); s*ee also D. H. Blair & Co., Inc. v.

Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("notions of convenience and fairness are considered

on a case-by-case basis.") (citing *In re Cuyahoga Equip. Corp.*, 980 F.2d 110, 117 (2d Cir.

1992)). Each of the factors that this Court should consider favors transfer to the Northern

District of California.

### 1.    The Public Interest Against Duplicative Litigation Strongly Favors Transfer.

A crucial factor weighing heavily in favor of transfer here is the need to protect the

Court, the litigants and the public against duplicative litigation. As set out above, a consolidated

case involving the same factual and legal issues, the same Defendants, and nearly identical

proposed plaintiff classes is pending in the Northern District of California. "There is a strong

policy favoring the litigation of related claims in the same tribunal in order that pretrial discovery

can be conducted more efficiently, duplicative litigation can be avoided, thereby saving time and

expense for both parties and witnesses, and inconsistent results can be avoided." *In re

Connetics*, 2007 U.S. Dist. LEXIS 38480 at *28 (quoting *Savin v. CSX Corp.*, 657 F. Supp. 1210,

1214 (S.D.N.Y. 1988) and *Wyndham Assocs. v. Bintliff, A.G.*, 398 F.2d 614, 619 (2d Cir. 1968)).

Where the interests of justice are compelling, as here, "that factor alone may be decisive in a

given case even if the convenience of the parties and witnesses may point in a different

direction." *Bellomo*, 297 F. Supp. 2d at 503 (granting motion to transfer).

In the event of a transfer, this action would almost certainly be reassigned to Judge Ware under related case procedures embodied in the Northern District of California's Local Rules. *See* N. D. Cal. L. R. 3-12.  Transfer would eliminate the risk of conflicting schedules and rulings in separate circuits.  Moreover, judicial economy favors transfer – there is no need to burden this busy Court or Apple and ATTM with litigation in New York concerning the same issues concurrently being litigated thousands of miles to the west in California.  *See In re Connetics*, 2007 U.S. Dist. LEXIS 38480 at *30.  In addition, since the cases are class actions, consolidated proceedings are effectively required so there can be one class represented by one set of court-appointed counsel, rather than competing classes of the same persons.

> **2.    The Convenience of Witnesses, the Locus of Operative Facts and the Location of Relevant Documents All Weigh Heavily in Favor of Transfer.**

The convenience of the witnesses is a "powerful factor governing the decision to transfer a case." *Royal Ins. Co. v. United States*, 998 F. Supp. 351, 354 (S.D.N.Y. 1998); *see also In re Connetics*, 2007 U.S. Dist. LEXIS 38480 at *9; *Berman v. Informix Corp.*, 30 F. Supp. 2d 653, 657 (S.D.N.Y. 1998).  Here, only plaintiff *Kliegerman* is located in this District – and he sues not on his own behalf, but rather on behalf of a nationwide class.  It is much more important that the locus of operative facts – "a primary factor" in determining whether to transfer venue," *MK Systems, Inc. v. Schmidt*, No. 04 Civ. 8106 (RWS), 2005 U.S. Dist. LEXIS 3877, *15 (S.D.N.Y. Mar. 10, 2005) – is in California.  Most of the conduct which forms the basis for the allegations in the *Kliegerman* Amended Complaint emanated from California, which is where the iPhone was developed, where Apple's distribution strategy was forged, and where Apple's records are located.

The focal points of this dispute are: (1) the alleged exclusive agreement between Apple

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

and ATTM to provide phone and data services for the iPhone, under which Apple will allegedly receive a portion of ATTM's profits; and (2) Apple's alleged use of a software lock and a software update to prohibit iPhone owners from unlocking their phones for use with cellular telephone service providers other than ATTM. *See Kliegerman* ACAC ¶¶ 54, 55, 73-83. The majority of witnesses with first-hand knowledge relevant to the alleged agreement, software lock and software update work for Defendant Apple and reside in California. The Apple personnel who conceived, designed and developed the iPhone work and reside in Northern California. Borchers Decl., ¶ 3. The Apple personnel who negotiated, signed and executed the distribution agreement with ATTM reside in Northern California. Borchers Decl., ¶ 4. The Apple personnel who designed and developed the so-called software "lock" and the updated iPhone operating system about which plaintiffs complain work and reside in Northern California. Borchers Decl., ¶ 5.

About the only people with evidence related to this case who do not work and reside in California are the relevant ATTM employees. But they are not in New York either. ATTM is headquartered in Atlanta, Georgia. Request for Judicial Notice, Ex. A. New York is not significantly more convenient to ATTM than California. A single California venue for this case and *In Re Apple and AT&TM Anti-Trust Litigation* would certainly be more convenient for ATTM's witnesses as well as Apple's.

### 3.    Plaintiff Kliegerman's Choice of a New York Forum is Entitled to Extremely Little or No Weight.

Because Kliegerman brings this case as a purported class action on behalf of a nationwide class, the general rule that a plaintiff's choice of forum is "entitled to great consideration" has little or no persuasive power here: "[w]here there are hundreds of potential plaintiffs … all of whom could with equal show of right go into their many home courts, the claim of any one

plaintiff that a forum is appropriate merely because it is his home forum is considerably weakened." *Shulof v. Westinghouse Elec. Corp.*, 402 F. Supp. 1262, 1263 (S.D.N.Y. 1975) (quoting *Koster v. Lumbermens Mutual Co.*, 330 U.S. 518, 524 (1947); *see also In re Connetics*, 2007 U.S. Dist. LEXIS 38480 at *15 ("Oklahoma Teachers purports to bring this action on behalf of a nationwide class of purchasers of Connetics securities, many of whom will not be New York residents. Since many class members will be inconvenienced regardless of whether the instant suit proceeds in this District or the Northern District of California, the plaintiffs' residence provides no support for keeping this suit in New York.") (citing *In re Collins & Aikman Corp. Secs. Litig.*, 438 F. Supp. 2d 392, 396 (S.D.N.Y. 2006); *In re Hanger Orthopedic Group, Inc. Secs. Litig.*, 418 F. Supp. 2d 164, 169 (E.D.N.Y. 2006); *In re Nematron*, 30 F. Supp. 2d at 403).

As discussed above, Kliegerman's choice of forum has no relation to the locus of operative facts in this case. It is well-established that "where the transactions or facts giving rise to the action have no material relation or significant connection to the plaintiffs' chosen forum, then the plaintiffs' choice is not accorded the same 'great weight' and, in fact, is given reduced significance." *Frasca v. Yaw*, 787 F. Supp. 327, 332 (E.D.N.Y. 1992); *see also Coker v. Bank of America*, 984 F. Supp. 757, 766 (S.D.N.Y. 1997).

In addition, the fact that the original Complaint in *Kliegerman* was filed shortly before *In Re Apple and AT&TM Anti-Trust Litigation* does not preclude a transfer, since no substantive motions have been filed in either case and the "balance of convenience" clearly favors transfer. *See, e.g., Am. S.S. Owners Mut. Protection & Indem. Ass'n v. Lafarge N. Am., Inc.*, 474 F. Supp. 2d 474, 481 (S.D.N.Y. 2007) ("the [first-filed] rule need not be applied where there is a showing of balance of convenience or special circumstances giving priority to the second case. Special circumstances include situations where there is only a short span of time between the filing of the

two actions, where there is a lack of progress in either litigation, or where the interest of justice favors the second action.  The determination as to whether there are circumstances warranting departure from the first-filed rule is committed to the sound discretion of the district court.") (internal quotations and citations omitted); *Int'l Secs. Exch., LLC v. Chicago Bd. Options Exch., Inc.*, No. 06 Civ. 13445 (RMB) (THK), 2007 U.S. Dist. LEXIS 58790, *5 (S.D.N.Y. Aug. 9, 2007); *MK Systems, Inc. v. Schmidt*, 2005 U.S. Dist. LEXIS 3877 at *8-11.  Only 40 days elapsed between the filing of the initial *Kliegerman* complaint and the complaints filed in *In Re Apple and AT&TM Anti-Trust Litigation*, and no discovery or pretrial proceedings have commenced in either action.  In fact, plaintiff *Kliegerman* filed an amended complaint asserting antitrust claims and computer trespass claims only after the original complaints in *In Re Apple and AT&TM Anti-Trust Litigation* were filed.  Under these circumstances, strict adherence to the first-filed rule is particularly unwarranted.  "[T]he date of filing is less important when the competing actions are filed within a short period of time."  *Capitol Records, Inc. v. Optical Recording Corp.*, 810 F. Supp. 1350, 1355 (S.D.N.Y. 1992) (finding first-filed rule inapplicable when the later case was filed only 20 days after the earlier case, and no discovery or other pretrial proceedings had occurred in either forum); *see also 800-Flowers, Inc. v. Intercontinental Florist, Inc.*, 860 F. Supp. 128, 133 (S.D.N.Y. 1994) ("It is well established that district courts need not slavishly adhere to the first filed rule, and that where circumstances dictate, great significance should not be placed upon the dates the actions were filed. . . .  the courts should be concerned with what the interests of justice require and not with who won the race.") (internal quotations omitted).

### 4.   The Remaining Factors Also Weigh in Favor of Transfer to the Northern District of California.

The remaining factors – convenience of the parties, relative means of the parties, and the

forum's familiarity with the governing law – each weighs in favor of a transfer to California.

Conducting this litigation in the district where Apple is headquartered would be more convenient for Apple, whose conduct in introducing the iPhone and supporting it is at issue. The *Kliegerman* Amended Class Action Complaint puts at issue an alleged agreement between Apple and ATTM, *Kliegerman* ACAC ¶¶ 53, 54, and the development, maintenance and updates for Apple's iPhone software, *Kliegerman* ACAC ¶¶ 73-83. Apple's operations concerning these subjects are headquartered in Cupertino. Borchers Decl., ¶¶ 3-5. ATTM is incorporated in Delaware, headquartered in Georgia, and does business in California and many other states. In contrast, as a purported representative class plaintiff, Kliegerman's testimony is unlikely to be required except at a deposition prior to a class certification hearing, and his individual means are of limited importance. *See, e.g., Jones v. Walgreen Co.*, 463 F. Supp. 2d 267, 277, 278 (D. Conn. 2006) ("because Ms. Jones pursued this claim as a class action, the Court must consider the interests of other class plaintiffs, who are located throughout the country"; "a transfer would not dramatically increase the costs associated with pursuing this litigation as a class action lawsuit.").

The cost of cross-country travel and lost work days for Apple witnesses testifying at trial would be significant. Plaintiff's counsel would have to travel to California to depose the witnesses even if the case is not transferred. Furthermore, the majority of documents and evidence would likely come from Apple and would thus be located in Northern California, although this fact may be less consequential, given the electronic nature of much of the evidence. Borchers Decl., ¶ 6. *In re Connetics*, 2007 U.S. Dist. LEXIS 38480 at *16 ("Although the location of relevant documents may be of less significance in light of modern copying and reproduction technologies, it nonetheless retains at least some relevance to the venue inquiry.") (internal citation omitted).

Finally, while the Southern District of New York has significant experience applying federal antitrust law, the Magnuson-Moss Warranty Act, and state laws, the Northern District of California is no less capable of applying federal law or educating itself about the laws of the 44 jurisdictions (including California) under which Kliegerman makes claims. *See, e.g., Cartier v. D & D Jewelry Imps.*, 510 F. Supp. 2d 344, 347 (S.D.N.Y. 2007) ("Both this district and the Northern District of California are familiar with federal copyright law and have substantial experience applying it, so this factor does not favor either jurisdiction.").

## III.    CONCLUSION

Defendant Apple respectfully requests that the Court enter an order transferring this case to the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1404(a), where it can be consolidated with the related case entitled *In Re Apple and AT&TM Anti-Trust Litigation*.

Dated:        San Francisco, California
              January 18, 2008

                            LATHAM & WATKINS LLP


                            By:_____/s/ Christopher S. Yates_____
                            Christopher S. Yates (Admitted Pro Hac Vice)
                            505 Montgomery Street, Suite 2000
                            San Francisco, CA  94111
                            (415) 391-0600

                            Attorneys for Defendant
                            APPLE INC.