EXHIBIT C

1   LATHAM & WATKINS LLP
      Daniel M. Wall (Bar No. 102580)
2     Alfred C. Pfeiffer, Jr. (Bar No. 120965)
      Christopher S. Yates (Bar No. 161273)
3     Adrian F. Davis (Bar No. 215827)
    505 Montgomery Street, Suite 2000
4   San Francisco, California  94111-6538
    Telephone:  (415) 391-0600
5   Facsimile:  (415) 395-8095
    Email:   Dan.Wall@lw.com
6   Email:   Al.Pfeiffer@lw.com
    Email:   Chris.Yates@lw.com
7   Email:   Adrian.Davis@lw.com

8   Attorneys for Defendant
    APPLE INC.

9

10                  UNITED STATES DISTRICT COURT

11                 NORTHERN DISTRICT OF CALIFORNIA

12                        SAN JOSE DIVISION

13  PAUL HOLMAN and LUCY RIVELLO,          CASE NO. C 07-05152 JW
    individually and on behalf of all others
14  similarly situated,                    **DEFENDANT APPLE INC.'S
                                           ADMINISTRATIVE MOTION TO
15              Plaintiffs,                 CONSIDER WHETHER CASES SHOULD
                                           BE RELATED**
16       v.

17  APPLE INC., AT&T MOBILITY, LLC, and
    DOES 1 through 50, inclusive,
18
                Defendants.
19

20

21

22

23

24

25

26

27

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

APPLE'S ADMINISTRATIVE MOTION TO CONSIDER
WHETHER CASES SHOULD BE RELATED
CASE NO. C 07-05152 JW

1    Pursuant to Civil Local Rule 7-11, Apple Inc. ("Apple") hereby moves the Court

2    for consideration of whether the matter *Timothy P. Smith, et al. v. Apple Inc., AT&T Mobility*

3    *LLC, et al.*, Case No. 07-CV-05662-HRL (filed October 5, 2007 and removed to federal court

4    November 7, 2007) ("*Smith*") is related, as defined by Civil Local Rule 3-12, to this action

5    (*Holman, et al. v. Apple Inc., AT&T Mobility LLC, et al.* – "*Holman*").  As described further

6    below, *Holman* and *Smith* both involve the same defendants (Apple and AT&T Mobility LLC),

7    and both challenge an agreement between Apple and AT&T Mobility LLC concerning the

8    iPhone,  alleging that the agreement violates the antitrust and unfair competition laws.  In

9    addition, both *Holman* and *Smith* challenge various business conduct related to the iPhone and

10   software updates to the iPhone.  In short, *Holman* and *Smith* concern substantially the same

11   parties, property, transaction or event, and are thus related cases within the meaning of Civil

12   Local Rule 3-12.

## I.    *SMITH* AND *HOLMAN* CONCERN SUBSTANTIALLY THE SAME PARTIES, PRODUCTS, AND ALLEGED TRANSACTIONS AND AGREEMENTS

15   *Smith* and *Holman* are both actions brought against Apple and AT&T Mobility

16   LLC ("ATTM") which allege that Apple and ATTM entered into what plaintiffs call an unlawful

17   agreement under which ATTM will be the exclusive provider of phone and data services for the

18   iPhone in the United States and Apple will allegedly receive a portion of ATTM's profits.

19   *Holman* Complaint ¶¶ 38, 41; *Smith* First Amended Complaint ("FAC") ¶¶ 28(1)-(3).  The

20   complaints further allege that through the use of a software lock and a software update, Apple

21   has prohibited iPhone owners from unlocking their phones for use with cellular telephone service

22   providers other than ATTM.  *Holman* Complaint ¶¶ 34, 51-55; *Smith* FAC ¶¶ 28(4), 40-42.

23   Based on these allegations, both the *Smith* and *Holman* complaints assert claims

24   against Apple and ATTM for unlawful tying and attempted monopolization under Sections 1 and

25   2 of the Sherman Antitrust Act, 15 U.S.C. §§ 1-2.  *Holman* Complaint ¶¶ 90-97; *Smith* FAC

26   ¶¶ 128-35.  The *Smith* and *Holman* complaints both also plead claims based on alleged violations

27   of California's Unfair Competition Law in addition to alleged violations of the California

28   Cartwright Act's prohibitions on unlawful tying and unlawful trusts.  *Holman* Complaint ¶¶ 76-

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

APPLE'S ADMINISTRATIVE MOTION TO CONSIDER
WHETHER CASES SHOULD BE RELATED
CASE NO. C 07-05152 JW

89; *Smith* FAC ¶¶ 117-27, 196-207.  While *Smith* and *Holman* each assert additional causes of action against Apple and ATTM, all such claims relate to the same set of alleged practices of the defendants described above.  Thus, *Smith*'s separate causes of action for common law monopolization, *Smith* FAC ¶¶ 183-89, breach of warranties, *id.* ¶¶ 136-57, and alleged violations of the Consumer Legal Remedies Act, *id.* ¶¶ 158-65, the Computer Fraud Abuse Act, *id.* ¶¶ 166-71, the Racketeer Influenced and Corrupt Organizations Act, *id.* ¶¶ 190-95, and California Penal Code § 502, *id.* ¶¶ 172-82, are all based on the same alleged agreements and practices of ATTM and Apple.  The same is true for *Holman*'s additional cause of action for "computer trespass/trespass to chattels." *Holman* Complaint ¶¶ 98-102.

Furthermore, both *Holman* and *Smith* are purported class actions that seek to represent the interests of the same class of people.  *Holman*'s proposed class is composed of "all individuals or entities who at any time from June 29, 2007 to the date of judgment in this action, bought and implemented the iPhone and sustained damages as a result." *Holman* Complaint ¶ 63.  *Smith*'s purported class is made up of "[a]ll persons or entities who... purchased or own an iPhone, intended for use by themselves, their families, or their members, participants, or employees … during the period from June 29, 2007 through such time in the future as the effects of Apple's illegal conduct, as alleged herein, have ceased… [and who] purchased audio or video files from the iTunes Music Store during the Class Period." *Smith* FAC ¶¶ 93(a)-(b); *see also id.* ¶¶ 94(a)-(b).  The two potential classes are thus nearly identical.

In short, the factual allegations and legal claims of the *Holman* and *Smith* cases "concern substantially the same parties, property, transaction or event."  Civil L. R. 3-12(a)(1).

## II.   IT WOULD BE UNDULY BURDENSOME FOR THESE ACTIONS TO PROCEED BEFORE TWO DIFFERENT JUDGES

The *Smith* and *Holman* cases should be assigned to the same judge to promote judicial economy.  If the cases proceeded in front of separate judges, each judge would be required to educate himself or herself as to the same set of transactions, the same product markets, and identical or substantially similar legal arguments being made by both plaintiffs and defendants.  Furthermore, Apple and ATTM, as defendants in both actions, will be required to

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

APPLE'S ADMINISTRATIVE MOTION TO CONSIDER
WHETHER CASES SHOULD BE RELATED
CASE NO. C 07-05152 JW

1 defend the same or substantially similar actions before two different judges, with duplicative

2 hearings and motions, yet potentially incompatible schedules and rulings.  In short, allowing

3 these cases to proceed separately "will be an unduly burdensome duplication of labor and

4 expense" that may lead to conflicting results.  Civil L. R. 3-12(a)(2).  Relating both cases and

5 placing them under the supervision of one judge not only stands to save the Court and the parties

6 significant costs, but will also likely facilitate and expedite both cases.

7 **III.    CONCLUSION**

8         Pursuant to Civil Local Rule 3-12(f), Apple respectfully requests that this Court

9 grant its Motion and order the *Holman* and *Smith* cases related.

12 Dated:  November 9, 2007             Respectfully submitted,

13                             LATHAM & WATKINS LLP
                               Daniel M. Wall

14                                Alfred C. Pfeiffer

15                                Christopher S. Yates
                               Adrian F. Davis

17                          By       /s/ Adrian F. Davis

18                                Adrian F. Davis
                               Attorneys for Defendant

19                                Apple Inc.

20 SF\632265

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

APPLE'S ADMINISTRATIVE MOTION TO CONSIDER
WHETHER CASES SHOULD BE RELATED
CASE NO. C 07-05152 JW